KATHLEEN ASSER WESLOCK, Respondent-Appellant, v SOLOMON ASSER, Appellant-Respondent. [7 NYS3d 889]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered September 23, 2014, which, to the extent appealed from as limited by the briefs, denied defendant husband's motion for 50% of plaintiff's relocation benefit, for 50% of the value of the parties' truck, and for counsel fees, and denied plaintiff wife's motion for an assessment of the parties' Pennsylvania property and for counsel fees, unanimously affirmed, without costs.

The parties' settlement agreement does not provide that defendant is entitled to 50% of the value of plaintiff's relocation benefit, and there is no basis for looking beyond the four corners of the agreement (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]).

Supreme Court properly awarded plaintiff sole ownership of the parties' truck, regardless of whether title to the truck was in both parties' names. The settlement agreement does not provide for any disposition of the parties' automobiles, the truck originally belonged to plaintiff's father, and defendant retained the parties' other four automobiles.

There is no basis for ordering an additional neutral appraisal of the parties' Pennsylvania property. In accordance with the settlement agreement, three brokers selected by the parties valued the property. There is no evidence that any of them was improperly influenced or given misinformation about the property. Thus, pursuant to the agreement, the buyout price should be determined by averaging those three valuations.

Neither party has prevailed in this proceeding to an extent that warrants an award of counsel fees under the settlement agreement (*see generally* Domestic Relations Law § 237 [a]). Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.